UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

IVAN RAMIREZ,

    Plaintiff,

v.                                                 Case No. 4:22-cv-323-MW/MJF

CENTURION MEDICAL SERVICES
OF FLORIDA, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

    A physician placed a pin in a finger of Plaintiff Ivan Ramirez's left hand to correct a "swan-neck deformity." Nobody removed the pin and the stitches until two months after the surgery. During that two-month period, the incision site became infected and caused Ramirez pain. Ramirez asserts that Defendant Centurion of Florida ("Centurion") and two of its employees violated the Eighth Amendment insofar as they failed to ensure that Ramirez attended a post-surgery follow-up appointment. Ramirez also asserts that Centurion violated the Eighth Amendment because Centurion failed to train and supervise its medical personnel. Because Ramirez's third amended complaint fails to state a plausible claim for relief against Centurion, the District Court should dismiss with prejudice Ramirez's Eighth-Amendment claim against Centurion.

I. BACKGROUND

Ramirez is an inmate of the Florida Department of Corrections ("FDC") who is proceeding *pro se*. He alleges that on October 2, 2020, a surgeon at North Florida Regional Medical Center ("RMC") successfully operated on the swan-neck deformity in the little finger of Ramirez's left hand. Doc. 24 at 5 ¶ 2. The surgeon placed a pin in the finger and then used stitches to close the incision. *Id.* According to Ramirez, the surgeon instructed Ramirez to return in two weeks for removal of the pin and the stitches. *Id.*; *id.* at 15.

On October 20, 2020, after he did not receive a follow-up appointment, Ramirez allegedly filed a sick-call request. *Id.* at 5 ¶ 3. On November 1, 2020, after he did not receive a response, Ramirez filed another sick-call request. Doc. 24 at 6 ¶ 3. In the November 1, 2020 request, Ramirez stated that his finger had "started swelling and hurting really bad." *Id.* Ramirez alleges that he did not receive a response to his November 1, 2020 request. *Id.*

On November 11, 2020, Ramirez filed an informal grievance. *Id.* Ramirez's informal grievance states:

> I received surgery on 10-2-20 and was supposed to return remove stitches and metal pin. Since then it's leaking puss and infected. My body is in pain & Im dizzy fever, high blood pressure. I need to return to R.M.C. I need help! Orthopedic wanted to remove pin in 2 weeks.

*Id.* at 16 (errors in original).

On November 12, 2020, medical personnel at Taylor Correctional Institution ("TCI") received Ramirez's informal grievance, and on November 13, 2020, Defendant F. Denmark approved the informal grievance. Doc. 24 at 16; *id.* at 6 ¶ 3. In approving the informal grievance, Denmark noted that Ramirez had a pending appointment to go back to RMC and that Denmark would have "nursing" evaluate Ramirez's wound. *Id.* at 16–17. That same day, R. Langley, a nurse at TCI, examined Ramirez's wound for signs of infection. *Id.* at 6 ¶ 3; *id.* at 17. Langley reported that Ramirez's wound showed no signs of edema or redness. *Id.* at 17.

Ramirez alleges that in the following days the "pain, swelling, and infection" in his little finger worsened. On November 20, 2020, therefore, Ramirez filed another sick-call request. Doc. 24 at 6 ¶ 4.

On November 24, 2020, Langley again evaluated Ramirez's finger. *See id.* at 21. Langley noted that Ramirez had a normal temperature and did not appear to be in any distress at the time of the evaluation. *Id.* Langley noted that there was a risk for infection "due to skin breakdown at [the] surgery site." *Id.* Langley referred Ramirez for a follow-up appointment and instructed Ramirez to keep the wound clean with soap and water. *Id.*

On November 29, 2020, Ramirez filed another informal grievance. Doc. 24 at 6 ¶ 4; *id.* at 22. On December 2, 2020, a nurse at TCI examined Ramirez's finger

and allegedly prescribed antibiotics. *Id.* at 7 ¶ 5. The nurse reported no signs of jaundice, edema, drainage, or bleeding with respect to Ramirez's finger. *Id.* at 23.

The next day, December 3, 2020, the FDC transferred Ramirez to RMC and Dr. J. Ryan, M.D., removed the pin from Ramirez's finger. *Id.* at 7 ¶ 5. Dr. Ryan noted that Ramirez's incision was "well healed." *Id.* at 19. Ramirez alleges that his finger now "does not work right" because the swelling and infection damaged his finger. *Id.* at 7 ¶ 6.

## II. STANDARD

Because Ramirez is a prisoner, the District Court is required to review his complaint, identify cognizable claims, and dismiss the complaint, or any portion thereof, if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)–(b); *see id.* § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings).

A court should dismiss a claim that is not supported by factual allegations, accepted as true, that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Factual allegations that merely suggest the possibility that the defendant acted unlawfully are insufficient. *See Twombly*, 550 U.S. at 555. Courts "hold the allegations of a *pro*

*se* complaint to less stringent standards than formal pleadings drafted by lawyers." *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014).

## III. DISCUSSION

The Eighth Amendment requires governments "to provide minimally adequate medical care to those whom they are punishing by incarceration." *Hoffer v. Sec'y, Fla. Dep't of Corr.*, 973 F.3d 1263, 1270 (11th Cir. 2020) (quoting *Harris v. Thigpen*, 941 F.2d 1495, 1504 (11th Cir. 1991)). A "prison official's 'deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment.'" *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quotation marks and citations omitted)).

To state an Eighth-Amendment claim of deliberate indifference to a serious medical need, a plaintiff must plausibly allege:

1. the plaintiff had a serious medical need;
2. the defendant was deliberately indifferent to the plaintiff's serious medical need;
3. the plaintiff suffered an injury; and
4. the defendant's deliberate indifference caused the plaintiff's injury.

*Roy v. Ivy*, 53 F.4th 1338, 1346–47 (11th Cir. 2022) (citing *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1326 (11th Cir. 2007)); *Melton v. Abston*, 841 F.3d 1207, 1220 (11th

Cir. 2016). This claim includes an objective component—"that the deprivation was serious enough to constitute cruel and unusual punishment"—and a subjective component—deliberate indifference. *Taylor v. Adams*, 221 F.3d 1254, 1257 (11th Cir. 2000).

Although Centurion is not a governmental entity, "when a private entity . . . contracts . . . to provide medical services to inmates, it performs a function traditionally within the exclusive prerogative of the state" and "becomes the functional equivalent of the municipality" under section 1983. *Craig v. Floyd Cnty.*, 643 F.3d 1306, 1310 (11th Cir. 2011); *Ireland v. Prummell*, 53 F.4th 1274, 1289 (11th Cir. 2022). Municipalities and relevant private entities may not be held liable in a section 1983 action under a *respondeat superior* theory. *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997); *Ireland*, 53 F.4th at 1289.

"A plaintiff can establish municipal liability under *Monell* in three ways: (1) identifying an official policy; (2) identifying an unofficial custom or widespread practice that is so permanent and well settled as to constitute a custom and usage with the force of law; or (3) identifying a municipal official with final policymaking authority whose decision violated the plaintiff's constitutional right." *Chabad Chayil, Inc. v. Sch. Bd. of Miami-Dade Cnty.*, 48 F.4th 1222, 1229 (11th Cir. 2022) (citation omitted).

Furthermore, "[o]nly where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a [municipality] 'policy or custom' that is actionable under § 1983." *City of Canton v. Harris*, 489 U.S. 378, 389 (1989). "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *Connick v. Thompson*, 563 U.S. 51, 62 (2011) (quoting *Bryan Cnty.*, 520 U.S. at 409).

Ramirez offers one conclusory allegation against Centurion. He alleges that Centurion "should be held responsible also [sic] for failing to train and supervise properly the doctors and nurses that work for them." Doc. 24 at 7 ¶ 6. This lone allegation is insufficient to plausibly suggest that any Eighth-Amendment injury Ramirez allegedly suffered resulted from an official policy of Centurion, a decision made by a Centurion official with final policymaking authority, or Centurion's practice that is so settled and permanent that it essentially takes on the force of law. The allegation also fails to plausibly suggest that Centurion evidenced deliberate indifference to Ramirez's constitutional rights by failing to train its employees.

The undersigned previously advised Ramirez of the standard for asserting section 1983 claims against municipalities. Doc. 22 at 7–9; *see also* Doc. 17 at 7. Despite that advice and two opportunities to supplement and clarify his allegations,

Ramirez again fails to assert a plausible Eighth-Amendment claim against Centurion. *See* Docs. 11, 21. Thus, the District Court should dismiss with prejudice Ramirez's Eighth-Amendment claim against Centurion.

### IV. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1.   **DISMISS** with prejudice, under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), Plaintiff Ivan Ramirez's Eighth-Amendment claim against Defendant Centurion.

2.   Refer this action back to the undersigned to address Ramirez's remaining Eighth-Amendment individual-capacity claims against Defendants Fonbah and Denmark.

At Pensacola, Florida, this 17th day of April, 2023.

/s/ *Michael J. Frank*
Michael J. Frank
United States Magistrate Judge

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must**

**serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**