## UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

IVAN RAMIREZ,

      Plaintiff,

v.                                                    Case No.  4:22-cv-323-MW/MJF

N. FONBAH and F. DENMARK,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Ivan Ramirez alleges that a prison nurse—Fonbah—and a health services administrator—Denmark—violated the Eighth and Fourteenth Amendments when they failed to ensure that Plaintiff timely received a post-surgery follow-up appointment to remove a pin from his finger. Doc. 24. Defendants move to dismiss for failure to state a claim upon which relief can be granted. Doc. 69. Plaintiff responded in opposition. Doc. 71. Because Plaintiff has failed to allege facts which indicate that Defendants acted with deliberate indifference, and Plaintiff has failed to specify the manner in which Defendants violated the Fourteenth Amendment, the undersigned recommends that the District Court grant Defendants' motion to dismiss.

## I.    BACKGROUND

### A.    Plaintiff's Injury and Surgery

In May 2019, Plaintiff injured one of his fingers. Doc. 24 at 5. On October 2, 2020, while Plaintiff was an inmate at the Taylor Correctional Institution ("TCI"), Florida Department of Corrections personnel transferred Plaintiff from TCI to North Florida Regional Medical Center for surgery on Plaintiff's finger. *Id.* During the surgery, a physician inserted a pin in Plaintiff's finger.

Plaintiff does not specify the date of his surgery. Two documents that Plaintiff attached to his third amended complaint indicate that the surgery occurred on October 2, 2020. *Id.* at 16 & 18. But a similar document indicates that the surgery occurred on October 4, 2020. *Id.* at 19. Regardless, after Plaintiff's surgery, medical personnel directed Plaintiff to "return in 2 weeks" for removal of the stiches and a pin. *Id.* at 5. The Florida Department of Corrections then transferred Plaintiff back to TCI. Doc. 24 at 5.

### B.    Plaintiff's Post-Surgery Grievances and Sick-Call Requests

On October 8, 2020, Defendant N. Fonbah—who is a nurse—submitted an "urgent 2 week follow up consultation request" for

Plaintiff's post-surgery appointment. *Id.* at 5 & 18. The request was "approved and submitted" by an unidentified medical official. *Id.* at 18. Twelve days later, on October 20, 2020, Plaintiff "sent in a request to medical" about the two-week follow-up appointment but received no answer. *Id.* at 5. Again, on November 1, 2020, Plaintiff submitted another request "about the follow up" and submitted a sick-call request because his finger had begun to swell and "hurt[] really bad . . . ." *Id.* at 5–6. Again, Plaintiff received no response. Doc. 24 at 6.

### 1.   *Plaintiff's Grievance of November 12, 2020*

On November 12, 2020,[1] Plaintiff filed an informal grievance:

> I received surgery on 10-2-20 and was supposed to return remove stitches and metal pin. Since then it's leaking puss and infected. My body is in pain & Im dizzy fever, high blood pressure. I need to return to R.M.C. I need help! Orthopedic wanted to remove pin in 2 weeks.

Doc. 24 at 16 (errors in original).

### 2.   *Denmark Responds to Plaintiff's Grievance*

On November 13, 2020, Defendant F. Denmark—who works as a "health services administrator"—approved Plaintiff's grievance. *Id.* at 6

---

[1] This grievance bears the handwritten date, apparently written by Plaintiff, of "November 10, 2020." Doc. 24 at 16.

& 16. In approving the grievance, Denmark noted that Plaintiff had "an appointment pending to go back to RMC" and that Denmark would have "nursing" evaluate Plaintiff's wound. *Id.* at 16–17. That same day, R. Langley, a nurse at TCI, examined Plaintiff's finger. *Id.* at 6 & 17. Langley reported that Plaintiff's finger showed no signs of edema or redness. *Id.* at 17.

### 3.   *Plaintiff's Sick-Call Request of November 20, 2020*

On November 20, 2020, Plaintiff submitted a sick-call request because the "pain, swelling, and infection" in his finger purportedly had worsened. Doc. 24 at 6.

### 4.   *The FDC's Response to Plaintiff's Sick-Call Request*

On November 24, 2020, Nurse Langley again evaluated Plaintiff's finger. *See id.* at 6 & 21. Langley noted that Plaintiff had a normal temperature and did not appear to be in any distress at the time of the evaluation. *Id.* at 21. Langley further noted that there was a risk for infection "due to skin breakdown at [the] surgery site." *Id.* Langley referred Plaintiff "to provider for F/U on finger," and instructed Plaintiff to keep the wound clean with soap and water and to report any signs or symptoms of infection. *Id.*

**5.** ***Plaintiff's Grievance of November 30, 2020, and Follow-Up Appointment with A Provider***

By November 29, 2020, Plaintiff had not seen an orthopedist, so he filed an informal grievance that was received by staff on November 30, 2020. *Id*. at 6, 12. The grievance stated, in relevant part: "My Wound In my Finger Is In Severe Pain. I Am past due 2 week From Order to Return to R.M.C." *Id*. at 22 (errors in original). On December 2, 2020, Plaintiff was seen in the Provider Clinic by APRN V. Poonia. *Id*. at 7 & 23.

**C.**   <u>Removal of the Pin from Plaintiff's Finger</u>

On December 3, 2020, Dr. J. Ryan, M.D., removed the pin from Plaintiff's finger. *Id*. at 7. Dr. Ryan noted that Plaintiff's incision was "well healed." Doc. 24 at 19.

**D.**   <u>Plaintiff Commences this Civil Action</u>

On August 25, 2022, Plaintiff commenced this civil action. Doc. 1. In his third amended complaint, Plaintiff alleges that his finger now "does not work right" because the swelling and infection damaged his finger. Doc. 24 at 7. Plaintiff contends that Defendants violated the Eighth and Fourteenth Amendments of the United States Constitution. Plaintiff seeks $25,000 in damages from each Defendant. *Id*. at 8.

## II. STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes defendants to move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). For a claim to survive dismissal, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," rather than the mere possibility that the defendant acted unlawfully. *Id.*

## III. DISCUSSION

A defendant violates the Eighth Amendment when he demonstrates deliberate indifference to a plaintiff's serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim of deliberate indifference to a serious medical need, a plaintiff must allege the following elements:

1.  the plaintiff had a serious medical need;

2.  the defendant was deliberately indifferent to the plaintiff's serious medical need;

3.   the plaintiff suffered an injury; and

4.   the defendant's deliberate indifference caused the plaintiff's injury.

*Roy v. Ivy*, 53 F.4th 1338, 1346–47 (11th Cir. 2022).

A claim of deliberate indifference to a serious medical need contains "both an objective and a subjective component." *Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d 1257, 1266 (11th Cir. 2020) (citation omitted). As to the objective component, a plaintiff must allege that he suffered from an "objectively serious medical need." *Id.* An objectively serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention" and, "if left unattended, poses a substantial risk of serious harm." *Id.* (quotation omitted).

To allege the subjective component, a plaintiff must allege that the defendant acted with "deliberate indifference." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004). That is, the defendant (1) had subjective knowledge of a risk of serious harm; (2) disregarded that risk; and (3) was

more than merely negligent.[2] *Id.*; *Keohane*, 952 F.3d at 1266. "Conduct that is more than mere negligence includes: (1) grossly inadequate care; (2) a decision to take an easier but less efficacious course of treatment; and (3) medical care that is so cursory as to amount to no treatment at all." *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011) (per curiam).

"[E]ven where medical care is ultimately provided, a prison official may nonetheless act with deliberate indifference by delaying the treatment of serious medical needs, even for a period of hours, though the reason for the delay and the nature of the medical need is relevant in determining what type of delay is constitutionally intolerable." *Farrow v. West*, 320 F.3d 1235, 1246 (11th Cir. 2003).

The act of delaying a plaintiff's medical treatment constitutes deliberate indifference "where it is apparent that delay would

---

[2] The Eleventh Circuit has noted that there is uncertainty regarding the appropriate standard because Eleventh Circuit precedent requires the defendant's conduct be "more than mere negligence" and "more than gross negligence." *Johnson v. Lewis*, 83 F.4th 1319, 1327 n.2 (11th Cir. 2023). Because Plaintiff failed to state a plausible claim even under the less stringent "mere negligence" standard, the undersigned uses that formulation here. *See Brooks v. Miller*, 78 F.4th 1267, 1284 n.4 (11th Cir. 2023).

detrimentally exacerbate the medical problem, the delay does seriously exacerbate the medical problem, and the delay is medically unjustified." *Taylor v. Adams*, 221 F.3d 1254, 1259–60 (11th Cir. 2000) (quoting another source). "In contrast, a delay or even denial of medical treatment for superficial, non-serious physical conditions does not constitute an Eighth Amendment violation." *Kelly v. Ambroski*, 97 F. Supp. 3d 1320, 1339–40 (N.D. Ala. 2015).

## A.   Plaintiff Fails to Allege Deliberate Indifference by Fonbah

Plaintiff contends that Fonbah was deliberately indifferent to Plaintiff's serious medical need when she failed to ensure that Plaintiff obtained a follow-up appointment within two weeks of his surgery. Doc. 24 at 7.

### 1.   *Plaintiff Failed to Allege Subjective Knowledge*

Plaintiff assumes that Fonbah knew of his serious medical need because Fonbah "stamped, initialed, and dated" a document called the "discharge planning summary." *Id.* Plaintiff attached this document to his third amended complaint. The document is dated October 2, 2020. *Id.* at 15. On the document are handwritten instructions that state, in relevant part: "Keep splint on until seen by ortho in 2 weeks." *Id.* The

document bears a stamp that says "N. Fonbah, APRN / Taylor CI" and, written next to the stamp, is the date October 8, 2020. *Id.* at 15.

Additionally, Plaintiff contends that on October 8, 2020, Defendant Fonbah "submitted a urgent 2 week follow up" to officials at TCI. Doc. 24 at 5 (errors in original). Plaintiff also attached this document to his third amended complaint.

Recall that Plaintiff fails to allege the date of his surgery, but according to documents Plaintiff attached to his third amended complaint his surgery occurred on October 2 or October 4, 2020. Thus, according to Plaintiff's allegations, Fonbah should have ensured that medical personnel removed his pin by October 16 or October 18, 2020.

Plaintiff does not allege that Fonbah knew that medical personnel had not removed the pin from Plaintiff's finger by October 16 or October 18. Indeed, Plaintiff does not allege that he had *any contact* with Fonbah after October 8, 2020—the date she submitted the "urgent" request for Plaintiff to be scheduled for a follow-up with the orthopedist. Plaintiff, therefore, has failed to allege that Fonbah knew that his pin had not been removed timely and that he was suffering pain as a result. For this

reason alone, Plaintiff fails to plausibly allege that Fonbah was deliberately indifferent to Plaintiff's serious medical need.

## 2. *Plaintiff Alleges that Fonbah Attempted to Help Him, Not that She Acted with Disregard*

For yet a second reason, Plaintiff has failed to state a claim of deliberate indifference to a serious medical need regarding Fonbah. Plaintiff alleges that Fonbah attempted to expedite removal of Plaintiff's pin. Specifically, Plaintiff alleges that on October 8, 2020, Fonbah submitted an "urgent" follow-up consultation request for Plaintiff. Doc. 24 at 5 ("APRN N. Fonbah submitted a urgent 2 week follow up consultation request . . . ."). Thus, Plaintiff alleges that Fonbah was solicitous of Plaintiff's medical needs, not that she disregarded them. Regarding Fonbah, Plaintiff has failed to allege the "obduracy and wantonness" required for an Eighth-Amendment violation. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). In this second respect, therefore, Plaintiff has failed to state a claim of deliberate indifference upon which relief can be granted as to Fonbah.

**B.**    <u>**Plaintiff Fails to Allege that Denmark Acted with Disregard**</u>

**1.**    ***Plaintiff's Grievance of November 12, 2020***

Plaintiff contends that Denmark first knew of Plaintiff's serious medical need on November 13, 2020, when Denmark approved Plaintiff's informal grievance of November 12, 2020.[3] *Id.* at 16. In his grievance of November 12, Plaintiff stated:

- the pin in his finger had to be removed within two weeks of Plaintiff's surgery;

- Plaintiff's finger was "leaking puss and infected"; and

- Plaintiff was "in pain" and "dizzy [with] fever . . . ."

*Id.* at 16 (errors in original).

Plaintiff alleges, however, that Denmark promptly checked the status of Plaintiff's follow-up appointment with the orthopedic doctor, confirmed that Plaintiff had a pending appointment, informed Plaintiff of that fact and, in the meantime, arranged for a nurse to evaluate his finger. According to Plaintiff and the documents he attached to his third amended complaint, in response to Plaintiff's grievance of November 12:

- on November 13, 2020, Defendant Denmark responded that Plaintiff had "an appointment pending" to remove the pin, and that

---

[3] This grievance is numbered 218-2011-0061. Doc. 24 at 16.

she would "have nursing go to confinement + evaluate the wound." Doc. 24 at 16; and

- as Denmark promised, on November 13, 2020—the same day Denmark received Plaintiff's grievance—Langley examined Plaintiff's finger. *Id.* at 17.

Thus, Plaintiff has failed to allege facts which indicate that Denmark was deliberately indifferent to his medical need. Rather, the facts Plaintiff alleges and the documents he attached to his third amended complaint indicate that Denmark acted immediately on November 13 after she learned of Plaintiff's grievance.

### 2.    *Plaintiff's Sick-Call Request of November 20, 2020*

Plaintiff also alleges that on November 20, 2020, he made a "sick call" request because his finger was in pain and was swelling. Doc. 24 at 6. Plaintiff did not attach this sick-call request to his third amended complaint. Regardless, *Plaintiff does not allege that Denmark received, read, or even was aware of this sick-call request.* Plaintiff alleges only that on November 24, 2020—apparently in response to Plaintiff's sick-call request—Nurse Langley examined his finger. *Id.*; *see id.* at 21. That is insufficient to impute knowledge to Denmark. *Burnette v. Taylor*, 533 F.3d 1325, 1331 (11th Cir. 2008) ("[I]mputed or collective knowledge cannot serve as the basis for a claim of deliberate indifference.").

### 3.   *Plaintiff's Grievance of November 30, 2020*

Plaintiff also contends that Denmark was deliberately indifferent to his medical needs after he filed an informal grievance on November 30, 2020—grievance 218-2011-0148. In that grievance, which Plaintiff attached to his third amended complaint, Plaintiff stated: "My Wound In my Finger Is In Severe Pain. I Am past due 2 week From Order to Return to R.M.C." *Id.* at 22 (errors in original). Plaintiff alleges that Denmark did not respond to this grievance until December 7, 2020, which purportedly constitutes deliberate indifference. Doc. 24 at 6, 7.

Plaintiff's conclusion ignores the medical care he received between Denmark's receipt of the grievance and her response. On December 2, 2020—two days after Plaintiff filed his grievance—a medical provider examined Plaintiff's finger and treated him. One day later, on December 3, 2020, Dr. Ryan removed the pin from Plaintiff's finger. *Id.* at 23, 19. Denmark's response on December 7, 2020 noted that Plaintiff's complaints had been addressed: "Our records indicate that you went to RMC on 12/4/20. You are also receiving antibiotics." *Id.* at 22.

In light of the information provided in Plaintiff's third amended complaint and the attachments to it, Plaintiff has not alleged a plausible

claim that Denmark was responsible for the delay in Plaintiff's orthopedic appointment, or that Denmark responded unreasonably to any of Plaintiff's interim complaints. *See, e.g.*, *Jackson v. Jackson*, 456 F. App'x 813, 814 (11th Cir. 2012) (per curiam) (no deliberate indifference in delaying surgery when the defendant evaluated plaintiff and made a recommendation, the plaintiff received some interim treatment, and the plaintiff failed to follow care instructions); *Stewart v. Lewis*, 789 F. App'x 825, 829 (11th Cir. 2019) (per curiam) (no deliberate indifference in declining to schedule surgery for plaintiff's chronic condition when there is no urgent worsening of the condition); *Thomas v. Poveda*, 518 F. App'x 614, 620–21 (11th Cir. 2013) (per curiam) (no deliberate indifference in delaying recommended post-surgery therapy when the defendant-doctor acted with dispatch in requesting the therapy but had no control over when it was received).

Plaintiff has failed to allege that it was apparent to Denmark "that delay would detrimentally exacerbate the medical problem," or that "the delay [did] seriously exacerbate the medical problem," or that "the delay [was] medically unjustified." *Taylor*, 221 F.3d at 1259–60. To state a claim that Demark was deliberately indifferent in not ensuring that his

pin was removed prior to December 3, Plaintiff was required to allege these three things. But Plaintiff failed to do so.

## C.   <u>**Plaintiff Fails to State a Fourteenth-Amendment Claim**</u>

Plaintiff also asserts that Defendants violated the Fourteenth Amendment. Plaintiff fails to specify which portion of the Fourteenth Amendment Defendants violated and the manner in which they allegedly violated the Fourteenth Amendment. Plaintiff only asserts a claim of deliberate indifference to a serious medical need.  Where a constitutional claim is covered by a specific constitutional provision, such as the Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not as a due-process violation. *See Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998).

Because Plaintiff's deliberate indifference claim was analyzed above under the Eighth Amendment, and Plaintiff fails to allege that Defendants violated the Fourteenth Amendment in any respect, Plaintiff has failed to state a claim upon which relief can be granted.

## IV.   Conclusion

Because Plaintiff has failed to state a claim upon which relief can be granted, the undersigned respectfully **RECOMMENDS** that:

1.    Defendants N. Fonbah and F. Denmark's Motion to Dismiss, Doc. 69, be **GRANTED**.

2.    That the clerk of court terminate all pending motions and close this case.

At Pensacola, Florida this <u>20th</u> day of June, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

**<u>NOTICE TO THE PARTIES</u>**

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**