IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

IVAN RAMIREZ,

    *Plaintiff*,

v.                                       Case No.: 4:22cv323-MW/MJF

CENTURION MEDICAL SERVICES
OF FLORIDA, et al.,

    *Defendants*.

_____/

## ORDER ACCEPTING AND ADOPTING
## REPORT AND RECOMMENDATION

This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation, ECF No. 72, as well as Plaintiff's objections, ECF No. 73. The Magistrate Judge Recommends that Defendants' motion to dismiss be granted because "Plaintiff has failed to allege facts which indicate that Defendants acted with deliberate indifference, and Plaintiff has failed to specify the manner in which Defendants violated the Fourteenth Amendment." ECF No. 72 at 1. Specifically, Plaintiff (1) failed to allege facts showing that Fonbah was subjectively aware that the pin had not been removed from his finger by October 16 or 18, when Plaintiff claims it should have been; and (2) alleged facts showing Fonbah acted reasonably on October 8 by ordering an urgent follow-up appointment for Plaintiff about his finger. As for Denmark, Plaintiff (1) alleged facts showing that Denmark acted

reasonably once he learned that Plaintiff's pin had not been removed; (2) failed to allege facts showing that Denmark was aware of his November 20 grievance; and (3) failed to allege facts showing that Denmark was responsible for the delay in Plaintiff's orthopedic appointment, or that Denmark responded unreasonably to any of Plaintiff's interim complaints.

This Court agrees. Even construing Plaintiff's third amended complaint liberally—and viewing all of the factual allegations as true and drawing all reasonable inferences in his favor—he fails to state plausible claims for deliberate indifference against Defendants. Plaintiff must allege facts showing that Defendants were subjectively aware of his serious medical needs. *See Wade v. McDade*, No. 21-14275, 2024 WL 3354963, at *2 (11th Cir. July 10, 2024) (en banc). And even where Defendants were subjectively aware of Plaintiff's serious medical needs, they cannot be deliberately indifferent if they acted reasonably. *See id.* Under this framework, as the Magistrate Judge thoroughly explained, Plaintiff falls short of alleging facts that Defendants acted with deliberate indifference.

Plaintiff raises several objections, but they do not help his claim. Plaintiff invokes the broad principle that a *pro se* litigant's pleadings must be construed generally before stating, in conclusory terms, that he has alleged sufficient facts to state plausible deliberate indifference claims against Defendants. True, this Court must construe Plaintiff's pleading liberally due to his *pro se* status. But this liberal

construction does not eliminate Plaintiff's obligation to allege facts establishing each element of a deliberate indifference claim. As set out in the Magistrate Judge's well-reasoned Report and Recommendation, Plaintiff failed to do so here in his third amended complaint. Accordingly,

**IT IS ORDERED:**

1. The report and recommendation, ECF No. 72, is **accepted and adopted** as this Court's opinion.

2. Defendants' motion to dismiss, ECF No. 69, is **GRANTED**.

3. Plaintiff's third amended complaint under 42 U.S.C. § 1983, ECF No. 24, is **DISMISSED with prejudice**.

4. The Clerk shall enter judgment stating, "Plaintiff's third amended complaint, ECF No. 24, is **DISMISSED with prejudice** under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim."

5. The Clerk shall close the file.

**SO ORDERED on July 17, 2024.**

<u>s/Mark E. Walker</u>
**Chief United States District Judge**